IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,955-02, WR-63,955-03





 

EX PARTE TIMOTHY SCOTT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 01CR2001 AND 01CR2002 IN THE 405TH JUDICIAL DISTRICT COURT

FROM GALVESTON COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of indecency with a child and sentenced to forty years' imprisonment. The Fourteenth Court of
Appeals affirmed his convictions. Scott v. State, Nos. 14-02-01022-CR and 14-02-01023-CR (Tex.
App. - Houston [14th Dist.], delivered June 3, 2004, no pet.)

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
he failed to make a proper objection to preserve error in the admission of outcry testimony. At trial,
counsel objected to the outcry witness, arguing that she was not the first person 18 years of age or
older, other than the defendant, to whom the child made a statement about the offense. On appeal,
counsel argued that the trial court erred in admitting the outcry testimony because the State had not
provided notice of its intent to offer the outcry testimony, the name of the outcry witness, and a
summary of the statement on or before the 14th day before trial, as required by Article 38.072 §2(b). 
The court of appeals held that error had been waived because Applicant's complaint on appeal did
not comport with his objection at trial. Applicant now alleges that counsel was ineffective for
making the appropriate objection at trial.

 The record contains conflicting information regarding whether the State did in fact comply
with the requirements of Article 38.072 §2(b). Counsel, who represented Applicant both at trial and
on direct appeal, has submitted an affidavit in which he states generally that he "made many
'appropriate' objections and filed all of the motions which were necessary regarding the exclusion
of evidence and objections to exclude inadmissible evidence and to preserve potential appellate
issues for this defendant." The trial court has entered findings of fact and conclusions of law, finding
counsel's affidavit to be credible, and recommending that relief be denied.

 However, we believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's specific claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether the prosecution provided the
defense with the notice required by Article 38.072§2(b) and also with the summary required by that
article, on or before the 14th day before the trial date. If the State did not comply with Article 38.072,
the trial court shall make findings as to whether defense counsel specifically objected to the outcry
testimony on that basis. If counsel did not object on the basis of the State's failure to comply with
Article 38.072, the trial court shall make findings as to why not. 

 If the trial court finds that the State failed to comply with Article 38.072, the court shall make
findings as to whether Applicant was harmed by the testimony of the outcry witness. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 



Filed: September 27, 2006

Do not publish